**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**ALEXANDRIA DIVISION**

---

**UNITED STATES OF AMERICA** **CASE NO. 25-cr-272**

**-vs-** **JUDGE DRELL**

**DERECK DARNELL TAYLOR SR (01)** **MAGISTRATE JUDGE PEREZ-MONTES**

---

**ORDER**

On September 14, 2026, the Government filed a Notice of Intent to Introduce Evidence Pursuant to F.R.E. 404(b). (Doc. 70). In response, Dereck Darnell Taylor, Sr. ("Taylor") filed a Memorandum in Support of Opposition to the Government's Notice of Intent to Introduce Evidence Pursuant to Rule 404(b) and Motion in Limine to Exclude Extrinsic-Act Evidence. (Doc. 71). The extrinsic act occurred on May 14, 2021 when police were called to 6101 North Bolton Drive regarding a domestic disturbance between Taylor and Alecia Phillips. Phillips reported to police that Taylor had threatened her with a gun. That gun was ultimately found wrapped in a jacket in his vehicle. Taylor was charged in state court with possession of a firearm by a convicted felon, but he ultimately entered a plea of guilty to illegal possession of a firearm.

On September 25, 2026, the Government filed a Supplemental Notice of Intent to Introduce Evidence Pursuant to F.R.E. 404(b). (Doc 78). Thereafter, Taylor filed a Memorandum in Opposition to the Government's Supplemental Notice of Intent to Introduce Evidence Pursuant to Rule 404(b) and Motion in Limine to Exclude Extrinsic-Act Evidence. (Doc. 86). The extrinsic act referenced in the supplemental notice pertains to an incident on October 1, 2024 when police were called to North 16th Street regarding a public disturbance. Witnesses reported that Taylor was threatening people with a gun before he left the scene. Witnesses recorded the incident on

video. Taylor was not on the scene at the time that police arrived, but witnesses showed the officer the video showing Taylor holding a gun and then leaving. Twenty minutes later, police received another call stating Taylor had returned to his residence at 1921 Kelly Street. Officers observed Taylor exit his vehicle wearing the same clothes he was wearing in the video, but Taylor denied having been on 16th Street or possessing a firearm.

The Government contends that both of these extrinsic acts are admissible because they are relevant to Taylor's illegal intent in the charged offense and because it demonstrates that his plan remains the same: to flee, hide the firearm, and deny his knowledge of a firearm or his presence at the scene.

Taylor contends that intent is not relevant because the charge at hand involves actual possession of a firearm. As such, USA v. Jones, 484 F.3d 783 (5th Cir. 2007) precludes the use of extrinsic evidence. Additionally, he argues that the extrinsic act is not relevant to plan because the acts do not constitute a plan at all. We agree.

We first note that extrinsic acts are "not admissible in criminal cases unless (1) it is relevant to an issue other than the defendant's character or his propensity to act in accordance therewith, and (2) its incremental probative value is not substantially outweighed by the danger of unfair prejudice to the defendant." Id. at 786, citing United States v. Beechum, 582 F.2 898, 911 (5th Cir. 1978). With this in mind, we turn to whether the aforementioned extrinsic acts are relevant to Taylor's intent in the charged offense. The facts, as alleged by the Government, are as follows:

> On October 19, 2022, officers were dispatched to 1921 Kelly St. in Alexandria with a report of a black male creating a disturbance with a firearm. When Officers arrived, they observed Dereck Taylor flee into his residence and then quickly returning outdoors. The defendant and Alicia Philips (the defendant's girlfriend) were loudly yelling with Tiann Reed, Shandreca Hicks, and Kayla Brown in the front yard.

> The three witnesses explained that in the argument, Taylor had pulled out a handgun and made threats with the gun. Officers quickly secured Taylor in a patrol car and escorted Philips into her house. Reed, Hicks, and Brown had pulled out a phone during the incident and recorded the defendant carrying the firearm. On scene they showed the video to officers.
>
> Officers then talked with Ms. Philips. Initially Philips said there had been no gun and that the defendant had taken the gun to his mother's house. After some discussion, Philips admitted that the defendant put the firearm in her purse. On video, she would later tell the defendant that she had shown officers where the gun was because they already had seen the defendant on video with the gun.
>
> Despite the video and Philips' admissions, the defendant persisted that there had been no firearm and that officers should not have looked in the house. The defendant also continued to tell officers that the other ladies had attacked him and his girlfriend.

(Doc. 70, p. 2-3).

This conduct involves Taylor's actual possession of a firearm. He was seen by several witnesses with a firearm in hand. Thus, he had direct physical control over the firearm. The fact he fled and hid the weapon does not then create a constructive possession situation. As explained in Jones, 484 F.3d at 788, intent is not an element which the Government must prove in an actual possession case. Accordingly, there is no need to produce extrinsic evidence to prove intent as it is not at issue.[1]

We also do not find any of the extrinsic acts to be relevant to a plan. The type of plan contemplated by 404(b)(2) is a larger, more comprehensive goal not just a pattern of behavior as shown here. See U.S. LeBaron, 156 F.3d 621, 624-25 (5th Cir. 1998) (citing United States v. West, 22 F.3d 586, 595 (5th Cir. 1994); United States v. Krezdorn, 639 F.2d 1327, 1331 (5th Cir. 1981).

In light of the foregoing, it is

---

[1] The extrinsic acts are also not relevant to knowledge as the parties have stipulated that Taylor knew he was a convicted felon who was prohibited from possessing a firearm. (Doc. 84).

**ORDERED** that the Taylor's motions in limine to exclude extrinsic act evidence (Docs. 71 and 86) are **GRANTED** and the Government is precluded from introducing evidence pertaining to either the May 14, 2021 or the October 1, 2024 incident.

**THUS DONE AND SIGNED** at Alexandria, Louisiana this 9th day of October 2026.

**DEE D. DRELL, SENIOR JUDGE**
**UNITED STATES DISTRICT COURT**